# In the United States Court of Federal Claims

GARLAND E. WILLIAMS,

    Plaintiff,

v.

THE UNITED STATES,

    Defendant.

No. 21-cv-1632

Filed: March 21, 2022

## ORDER

Plaintiff Garland E. Williams, appearing *pro se*, filed suit on July 28, 2021, asserting several claims related to a Kansas child support order.[1]  *See* Complaint (ECF No. 1) (Compl.). While difficult to decipher, the Court understands Plaintiff's complaint to allege: (1) various tort injuries, *id*. ¶¶ 20-28; (2) deprivation of Plaintiff's constitutional and statutory guarantees to due process, equal protection, and a fair hearing under the laws and constitutions of the United States, Kansas, and Louisiana, *id*. ¶¶ 21-23; and (3) misappropriation and theft of Plaintiff's purported federal tax overpayments as child support offsets for tax years 2001, 2007, 2009, 2010, and 2013-2018. *Id*. ¶¶ 21, 22, 24.  Plaintiff seeks damages of $469,178.47 plus interest. *Id*. ¶¶ 29-30.

On September 27, 2021, Defendant timely moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim under Rules 12(b)(1) and 12(b)(6),

---

[1] Plaintiff has an extensive litigation history across the country, including in the U.S. District Courts for the District of Colorado; District of Columbia; District of Kansas; Western District of Kentucky; Eastern, Western, and Middle Districts of Louisiana; District of Massachusetts; District of Montana; and District of Oregon. *See, e.g.*, *Williams v. United States Dep't of Just.*, No. 16-38, 2016 WL 1031289 (E.D. La. Mar. 14, 2016) (dismissing as frivolous and malicious under 28 U.S.C. § 1915(e)(2)(B)(i) Plaintiff's suit alleging child support orders in Kansas and Louisiana were fraudulent and violated his constitutional rights).

respectively, of the Rules of the United States Court of Federal Claims (Rule(s)). *See* Defendant's Motion to Dismiss (ECF No. 11) (Mot.). Plaintiff timely responded to Defendant's Motion to Dismiss on October 25, 2021. *See* Plaintiff's Response to Defendant's Motion to Dismiss (ECF No. 17) (Resp.).

In the interim, on October 1, 2021, Plaintiff filed a motion for sanctions against Defendant pursuant to Rule 11. (ECF No. 14.) On October 7, 2021, this Court denied Plaintiff's motion for sanctions (ECF No. 15), and on October 13, 2021, Plaintiff appealed this Court's denial (ECF No. 16.). On January 25, 2022, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) dismissed Plaintiff's appeal because it did not involve a decision subject to the Federal Circuit's jurisdiction. *See* Decision of the Court of Appeals for the Federal Circuit (ECF No. 18). The Federal Circuit entered a mandate on March 18, 2022, making its decision final. *Id.* With Plaintiff's appeal resolved, Defendant's Motion to Dismiss is ripe for review. For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED** pursuant to Rules 12(b)(1) and 12(h)(3).

APPLICABLE LEGAL STANDARD

Pursuant to Rules 12(b)(1) and 12(h)(3), this Court must dismiss claims outside of its subject matter jurisdiction. *See* Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Tucker Act, which acts as a waiver of sovereign immunity, provides this Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). For a claim to fall within this Court's "jurisdiction under the Tucker Act, a plaintiff must identify a

money-mandating statute or agency regulation." *Bell v. United States*, 20 F.4th 768, 770 (Fed. Cir. 2021).

As with all other litigants, this Court must have jurisdiction over claims brought by *pro se* plaintiffs. *See Landreth*, 797 F. App'x 521- 23 (Fed. Cir. 2020) (per curiam); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Brewington v. United States*, No. 19-CV-611 C, 2020 WL 1818679, at *1 (Fed. Cl. Apr. 1, 2020), *aff'd*, No. 2020-1788, 2020 WL 6494841 (Fed. Cir. July 23, 2020). While this Court must liberally construe their filings, *pro se* plaintiffs still have the burden of establishing the Court's jurisdiction by a preponderance of the evidence. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Landreth v. United States*, 797 F. App'x at 523; *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019) (per curiam).

When considering a motion to dismiss based upon lack of subject matter jurisdiction, "the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *see also Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) ("When a party has moved to dismiss for lack of subject matter jurisdiction, we view the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate.").

DISCUSSION

Plaintiff's complaint alleges a variety of tort, constitutional, criminal, and state law claims beyond this Court's subject matter jurisdiction. As discussed further below, while the complaint includes an illegal exaction claim related to Plaintiff's federal taxes, this Court nevertheless lacks jurisdiction over the claim as it should be directed at the state of Kansas, not the United States. As

Plaintiff's claims fall outside this Court's jurisdiction, this Court must dismiss Plaintiff's complaint.

*Tort Claims*

This Court lacks jurisdiction over Plaintiff's claims for "personal tort injuries," Compl. ¶ 20, "unconstitutional tort injuries," *id.* ¶ 21, "tort injury contentions," *id.* ¶¶ 22, 24-27, and negligence. *Id.* ¶¶ 22-23. "[T]he Tucker Act excludes from the Court of Federal Claims jurisdiction claims sounding in tort." *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008); *see also* 28 U.S.C. § 1491(a)(1). Plaintiff expressly characterizes several of his claims as torts. *See* Compl. ¶¶ 20-27. Additionally, negligence is a tort claim that is "expressly excluded from the Court of Federal Claims' jurisdiction under the Tucker Act." *O'Connor v. United States*, 355 F. App'x 412, 413 (Fed. Cir. 2009). None of these claims relate to a contract with the United States, rendering inapplicable the exception that this Court has jurisdiction over tort claims based entirely on a breach of contract by the government. *See Wood v. United States*, 961 F.2d 195, 198 (Fed. Cir. 1992). Accordingly, this Court lacks jurisdiction to adjudicate such tort claims.

*Constitutional Claims*

This Court likewise lacks jurisdiction over Plaintiff's constitutional claims under the Fifth, Seventh, and Fourteenth Amendments to the United States Constitution. The Tucker Act waives sovereign immunity for certain claims against the United States that are founded upon the United States Constitution or federal laws. 28 U.S.C. § 1491(a)(1). However, to come within this sovereign immunity waiver, the constitutional and statutory provisions at issue must mandate the payment of money for their violation. *See United States v. Mitchell*, 463 U.S. 206, 218 (1983);

4

*Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004).  Plaintiff invokes constitutional provisions that are not money mandating.

The Court generously construes Plaintiff's references to the right to "examination" and the Seventh Amendment as claims that Kansas deprived him of his right to a trial by jury when it issued a child support order and took his tax overpayments as "garnishments."  Compl. ¶¶ 23, 27.  The Seventh Amendment, however, is not money mandating.  *Drake v. United States*, 792 F. App'x 916, 920 n.6 (Fed. Cir. 2019).  Thus, even if a constitutional violation had occurred, this Court still lacks jurisdiction to adjudicate such claims.

Plaintiff's claims invoking the Fifth and Fourteenth Amendments face the same fate.  Plaintiff argues that he was not "afforded [a] 'due process of law' hearing" in challenging the enforcement of child support orders under 42 U.S.C. § 657, Compl. ¶ 23; the Kansas Department of Social Rehabilitation Service agency breached his right to "due process of law" and "equal protection of law," *id*. ¶¶ 21-22, 26; and he received no "procedural notice" regarding the "erroneous civil action" and was not "afforded 'due process of law' affirmative relief 'examination.'"  *Id*. ¶ 27.  As "neither the Due Process Clause of the Fifth and Fourteenth Amendment nor the Equal Protection Clause of the Fourteenth Amendment are money-mandating," these claims must be dismissed.  *Spain v. United States*, 277 F. App'x 988, 989 (Fed. Cir. 2008).

While Plaintiff's due process claims are ultimately rooted in constitutional guarantees, Plaintiff suggests that 42 U.S.C. § 664(a)(3) also confers due process rights.  Compl. ¶¶ 21-23, 27.  Section 664(a)(3) directs states to notify individuals of past-due support before informing the U.S. Secretary of Treasury of such outstanding payment obligations.  Reference to this statute does not sweep Plaintiff's due process claims within this Court's jurisdiction.  The statute "do[es] not

mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Instead, it is a notice statute. Even if it were money mandating, section 664(a)(3) governs state action, and this Court lacks jurisdiction over claims against the states. *See infra* 6-7. As Plaintiff's claims alleging due process, equal protection, or jury trial violations by the federal government do not stand on money-mandating constitutional provisions or laws, this Court lacks subject matter jurisdiction over them.

*Criminal Law Claim*

The Court lacks jurisdiction over Plaintiff's theft claim related to 18 U.S.C. § 666, as that federal statute concerns theft or bribery related to programs receiving federal funds. Compl. ¶¶ 21, 22, 27-29. This Court may not "adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994). Like Plaintiff's tort and constitutional claims, the Court must dismiss Plaintiff's federal theft claim.

*State Law Claims*

This Court must also dismiss Plaintiff's claims arising under Kansas state law or alleging injuries caused by Kansas and Louisiana. Under the Tucker Act, "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . [and] relief sought [against parties other than the] United States . . . must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). "Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007).

Plaintiff alleges that agents of the State of Kansas performed the acts relating to many of his claims. Compl. ¶¶ 21, 22, 24-27. As such claims are directed at "state and county entities," this Court lacks jurisdiction over them. *Langan v. United States*, 812 F. App'x 982, 985 (Fed. Cir.

2020); *see also Brewington v. United States*, No. 19-cv-611, 2020 WL 1818679, at *3 (Fed. Cl. Apr. 1, 2020), *aff'd*, 2020 WL 6494841 (Fed. Cir. July 23, 2020) (per curiam).  Plaintiff also appears to allege that Kansas and Louisiana violated his civil rights under 42 U.S. Code § 1983.  Compl. ¶ 2.  Given 42 U.S.C. § 1983 "does not create a right enforceable against the federal government for money damages, but instead creates a cause of action against a person acting under color of *state* law," this Court lacks jurisdiction over that claim as well.  *Hover v. United States*, 566 F. App'x 918, 920 (Fed. Cir. 2014) (internal citation omitted) (emphasis in original).

Plaintiff also relies on several Kansas statutes for his claims.  He asserts theft and "financial loss injuries" under K.S.A. § 21-5801, a Kansas criminal statute.  Compl. ¶¶ 21-22, 27-29.  He also invokes K.S.A. §§ 23-3103, 39-720, 39-756, 75-702, and 75-710.  Compl. ¶¶ 22, 25-27.  As this Court lacks subject matter jurisdiction over violations of state statutes, it must dismiss these claims.

*Illegal Exaction Claim*

This Court similarly lacks jurisdiction over Plaintiff's tax claims.  Defendant argues that references to "offsets" in Plaintiff's complaint fall outside of this Court's jurisdiction even though the Tucker Act authorizes the Court of Federal Claims to hear actions against the United States for illegal exactions and tax refunds.  Mot. at 4-5.  Specifically, Defendant argues that any claim for a wrongful offset cannot be brought against the U.S. Department of Treasury (Treasury), and Plaintiff has not alleged that a federal agency received the offset of his tax refund.[2]  *Id.*  Defendant also argues that, to the extent Plaintiff's claim is characterized as a tax refund, Plaintiff's claim

---

[2] The federal tax refund offset program allows government agencies to recover past-due debts by receiving payments from the Treasury that are deducted from the debtor's federal tax refund.  *See* 31 U.S.C. § 3720A.

7

does not meet the jurisdictional threshold established by Section 7422(a) of the Internal Revenue Code because Plaintiff's complaint does not conform to Rule 9(m). *Id.* at 5.

Plaintiff responds by arguing that this Court has jurisdiction over his claim because he alleges that Defendant, presumably through the Internal Revenue Service (IRS), failed to adhere to the "commanding regulating requirement" in 26 U.S.C. § 6402(a), (c) "for verifying co-operative indispensable defendant's Kansas Social Rehabilitation Services' Secretaries' certifiable requests to offset plaintiffs tax years-in-effect overpayment refund credits; and certification of legal viability aligned required adjudicated support obligation and debt obligated income withholding decrees." Resp. at 15. While this Court does not agree with Defendant on the applicability of Rule 9(m) here, the Court nevertheless lacks jurisdiction over Plaintiff's tax-related claims because Plaintiff has not alleged that an agency of the Defendant wrongfully received tax offset payments.

      a.   Plaintiff's Complaint Is for an Illegal Exaction, Not for a Tax Refund.

Plaintiff's complaint references "tax overpayment offset provisions" and "tax overpayments' refunds amounts." Compl. ¶¶ 21, 23. Sensing ambiguity, Defendant addresses these claims as both "an illegal exaction claim" and "a refund of taxes." Mot. at 4-5. This Court's first task, therefore, is to determine the proper character of Plaintiff's claim.

Plaintiff's complaint is properly construed as asserting an illegal exaction claim. Section 7422 of the Internal Revenue Code "grants taxpayers the right to sue the United States for 'recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected.'" *Foreman v. United States*, 60 F.3d 1559, 1562 (Fed. Cir. 1995) (quoting 26 U.S.C. § 7422). Although the typical illegal exaction claim alleges that the government improperly collected or withheld taxes, "a plaintiff may allege an illegal exaction claim that is not a tax

8

refund." *Greene v. United States*, 124 Fed. Cl. 636, 640 (2015). Indeed, "[n]o action brought against the United States to recover the amount of any such reduction [of a tax refund by an offset] shall be considered to be a suit for a refund of tax." 26 U.S.C. § 6402(g). Here, although Plaintiff's complaint discusses "refund amounts," its claims stem from an offset applied to his tax return. *See* Mot. at 4-5; Resp. at 21. Accordingly, this Court construes Plaintiff's claim as one for an illegal exaction.

      b. <u>Plaintiff's Complaint Need Not Comply with Rule 9(m)</u>.

Defendant argues that Plaintiff's complaint "fails to comply with the requirements of Rule 9(m) in that it fails to provide a copy of any claims for refund or the statements required by Rule 9(m)(2)(B)." Mot. at 5. However, as explained above, Plaintiff's claim is for an illegal exaction not a "a refund of taxes." *See* 26 U.S.C. § 6402(g). Court of Federal Claims Rule 9(m) requires any party "pleading a claim for a tax refund" to include "a copy of the claim for refund" and a statement identifying a variety of items, including "the tax year(s) for which a refund is sought; [and] the amount, date, and place of each payment to be refunded." Rule 9(m)(2). This rule does not apply here though because procedural requirements for tax refund claims do not apply to illegal exaction claims. *See, e.g.*, *Ibrahim v. United States*, 112 Fed. Cl. 333, 336 (2013) (holding that "plaintiff did not need to have previously fully paid his taxes for the disputed period in order to challenge the defendant's offset," even though it is a requirement for a plaintiff to invoke this court's jurisdiction over a tax refund claim). Plaintiff's noncompliance with Rule 9(m) does not affect jurisdiction in this case.

      c.  <u>While this Court Has Jurisdiction Over Some Illegal Exaction Claims, this Court Lacks Jurisdiction Over Plaintiff's Claim as No Agency of the Defendant Holds the Debt</u>.

The inapplicability of Rule 9(m) does not affect Plaintiff's jurisdictional defect. Defendant argues that to the extent Plaintiff alleges that the federal government wrongfully offset his federal tax payments to pay non-IRS debts, Plaintiff's "recourse, if any, is against the states or agencies to which such offsets were paid." Mot. at 4. According to Defendant, Plaintiff's complaint "failed to allege with any specificity what agency claimed the offset of his tax refund for the subject tax years — 2001, 2007, 2009, 2010, and 2013-2018 — much less assert a cognizable claim against any such agency." *Id.* at 5. This Court agrees — Plaintiff cannot assert his illegal exaction claim against the Treasury, and he has not identified any of Defendant's agencies that could be liable instead.

It is well-established that "[n]o court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a [tax refund offset]." 26 U.S.C. § 6402(g). While the Internal Revenue Code "prohibits federal courts from adjudicating a taxpayer's challenge to the Department of Treasury's actions when offsetting a tax refund," it "preserves the right of taxpayers to bring any 'legal, equitable, or administrative action against the Federal agency . . . to which the amount of such reduction was paid' by Treasury." *Wagstaff v. United States*, 105 Fed. Cl. 99, 112 n.11 (2012) (quoting 26 U.S.C. § 6402(g)). In other words, "the plaintiff must sue the agency claiming his debt, and not the debt collector." *Dasusa v. Department of Treasury*, 951 F. Supp. 2d 45, 46 (D.D.C. 2013).

Here, the entity claiming the debt is the State of Kansas. *See* Compl. ¶ 23 (alleging "negligence of certifying the originating State of Kansas' absent acquisitioned support order"); Resp. at 21 (notice from the U.S. Department of the Treasury identifying "Kansas Child Support

Services" as the creditor receiving an offset from Plaintiff's tax refund).  Plaintiff acknowledges this in his response to Defendant's Motion by describing the Kansas Social Rehabilitation Services Secretary as a "co-operative indispensable defendant."  Pl.'s Resp. at 15.  As previously discussed, this Court lacks jurisdiction over claims against state actors.  *See supra* 6-7; *Sherwood*, 312 U.S. at 588.  Plaintiff's complaint does not identify any federal agency that received offset payments.  *See generally* Compl.  Accordingly, this Court must dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 11) is **GRANTED** pursuant to Rules 12(b)(1) and 12(h)(3), and Plaintiff's claims are **DISMISSED**.  The Clerk of Court is **DIRECTED** to enter judgment accordingly.


IT IS SO ORDERED.

    s/ Eleni M. Roumel
ELENI M. ROUMEL
Judge